# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**KEITH L. KETTERMAN,**
**Claimant Below, Petitioner**

**vs.)    No. 21-0429** (BOR Appeal No. 2056013)
                              (Claim No. 2020016586)

**WEST VIRGINIA DIVISION OF HIGHWAYS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Keith L. Ketterman, by Counsel Lawrence E. Sherman Jr., appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). West Virginia Division of Highways, by Counsel James W. Heslep, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on February 6, 2020. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its November 13, 2020, Order. The Order was affirmed by the Board of Review on April 22, 2021.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

> (d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue

1

in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Ketterman alleges that he injured his left upper extremity due to repetitive work on or around November 12, 2019. On December 12, 2019, Mr. Ketterman sought treatment at South Branch Hospitalist & Internal Medicine, PLLC, and was seen by Nurse Barger. Mr. Ketterman reported left shoulder pain, decreased range of motion, occasional weakness, tingling, and occasional numbness for three months with no known injury. The First Report of Injury was completed by Debra Davis. It indicates Mr. Ketterman alleged a left shoulder injury due to repetitive motions such as climbing, pulling, lifting, tightening bolts, and reaching. The employer was notified of the alleged injury on January 14, 2020. It was noted that Mr. Ketterman initially reported that his pain was due to arthritis, but an MRI showed a tear. Mr. Ketterman asserts that the tear resulted from repetitive movement at work.

A left upper extremity MRI was performed on December 23, 2019, and showed a small tear of the supraspinatus tendon and mild hypertrophic arthropathy of the left acromioclavicular joint. A January 17, 2020, BrickStreet Incident Report indicates the approximate injury date as November 12, 2019, and noted that the incident was not immediately reported to a supervisor. The report stated that Mr. Ketterman alleged a repetitive injury to the left shoulder.

On January 22, 2020, Joseph Hahn, M.D., treated Mr. Ketterman for a repetitive left shoulder injury. It was noted that Mr. Ketterman was referred from Bruce Leslie, M.D., Mr. Ketterman's primary care physician. Dr. Hahn diagnosed complete left rotator cuff tear, not specified as traumatic. Rotator cuff repair surgery was recommended.

In a January 30, 2020, statement recorded by Encova Insurance, Mr. Ketterman asserted that around November 12, 2019, he started noticing pain in his left shoulder, which he assumed was due to arthritis. After seeking treatment, an MRI was performed and revealed a rotator cuff tear. Mr. Ketterman stated that he had continued to work since his pain started. He denied any prior left shoulder injuries but did say that he had a right rotator cuff tear two years prior for which he had surgery.

The claims administrator rejected the claim on February 6, 2020. It noted that Mr. Ketterman reported a gradual onset of pain due to arthritis and that there was no work event that resulted in an injury. The Office of Judges affirmed the claims administrator's rejection of the

claim in its November 13, 2020, Order. It found that the left shoulder MRI showed a small rotator cuff tear that was eventually determined to be a complete tear by Dr. Hahn. However, the Office of Judges found that Mr. Ketterman failed to prove that the condition resulted from his work. Mr. Ketterman asserted in a recorded statement that he noticed the pain around November 12, 2019, but did not report the pain for two months because he thought it was due to arthritis. The Office of Judges found that Mr. Ketterman did not submit a Report of Injury. He also failed to provide evidence that any physician attributed the repetitive left shoulder injury to his employment. The Office of Judges concluded that Mr. Ketterman failed to provide sufficient evidence to show that he sustained an injury in the course of and resulting from his employment. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on April 22, 2021.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). Though the evidence indicates that Mr. Ketterman has a left shoulder rotator cuff tear, there is no evidence that the condition is the result of his work duties.

Affirmed.

**ISSUED: September 19, 2022**

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn